# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION ) ) ) ) ) This Document Relates to: ) *Shanika Roper* ) Civil Case No. 7:20-cv-02945-MCR- ) GRJ ) | Case No. 3:19-md-02885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## MOTION TO EXCLUDE TESTIMONY FROM PLAINTIFF'S EXPERT RICHARD TYLER, PH.D.

Under Federal Rules of Evidence 103 and 702 and Federal Rule of Civil Procedure 56(c), Defendants move to exclude the testimony of Plaintiff's expert, Dr. Richard Tyler.

## LEGAL STANDARD

Under Rule 702 and *Daubert* and its progeny, "district courts must act as 'gatekeepers'" to ensure that expert testimony "is both reliable and relevant" and thereby protect juries from "speculative, unreliable expert testimony." *Rink v. Cheminova*, 400 F.3d 1286, 1291 (11th Cir. 2005). "'[T]he trial court [must] conduct an exacting analysis' of the *foundations* of expert opinions" to ensure they satisfy Rule 702. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (emphasis in original).

Expert testimony is admissible if (1) the witness is qualified and (2) the testimony (a) will "help the trier of fact to understand the evidence" or "determine a fact in issue," (b) is "based upon sufficient facts or data," and (c) is "the product of reliable principles and methods" that (d) have been reliably applied "to the facts of the case." *Id.* Plaintiff has the burden to show these requirements are satisfied. *See Rink*, 400 F.3d at 1292.

## ARGUMENT

### I. Dr. Tyler is not qualified to opine about alleged CAEv2 design defects or allegedly safer alternative designs.

"[A]n expert must have at least some minimum training, education, experience, knowledge, or skill pertaining to the particular subject matter of his proposed testimony." *In re 3M Combat Arms Products Liab. Litig.*, 2021 WL 765019, at *36 (N.D. Fla. 2021) (citations omitted). Courts may "exclude[] testimony when they determine that the witness is testifying to an area outside of…his expertise." *Trilink Saw Chain v. Blount*, 583 F. Supp. 2d 1293, 1304 (N.D. Ga. 2008). Although experts may use "facts, data and conclusions of other experts," they "must make some findings and not merely regurgitate another expert's opinion." *Eberli v. Cirrus Design Corp.*, 615 F. Supp. 2d 1357, 1364 (S.D. Fla. 2009).

This Court has ruled that "an audiologist…is not qualified to opine on the CAEv2's design from an engineering perspective, as she is not an engineer and has

2

never been involved in designing a preformed earplug." *In re 3M*, 2021 WL 6327375, at *14. By the same reasoning, Dr. Tyler, a clinical audiologist and university professor, is not qualified to opine on the CAEv2's allegedly defective design and allegedly safer alternative products. He "pass[es] out some earplugs" in his practice but does not fit or guide patients for hearing protection devices. Ex. 1, Tyler 7/1/22 Dep. 44:17–45:13; Ex. 2, First Amend. Tyler Report ("Tyler Report") pp. 2–3, 6–7, 12.

Additionally, Dr. Tyler simply repeats the general experts' opinions regarding alleged flaws in the CAEv2. Tyler 7/1/22 Dep. 24:8–25:1, 90:22–91:14; Ex 2, Tyler Report p. 1. He provides no independent analysis of how the CAEv2s worked or did not work (or how alternative products would have worked), and has not investigated these topics. Ex.1, Tyler 6/8/22 Dep. 66:21–67:6, 25:15–22, 55:10–56:25.

These opinions are inadmissible.

**II.    Dr. Tyler failed to perform a reliable differential etiology.**

Roper lacks admissible expert testimony on causation because Dr. Tyler did not perform a proper differential etiology, "a medical process of elimination whereby the possible causes of a condition are considered and ruled out one-by-one, leaving only one cause remaining." *Hendrix ex rel. G.P. v. Evenflo*, 609 F.3d 1183, 1195 (11th Cir. 2010). A purported differential etiology may be excluded based on failings "at both" the "rule in" and "rule out" steps. *Hendrix*, 609 F.3d at 1197–98.

The essential prerequisite of any differential etiology is that a "patient's condition is diagnosed." *Chapman v. Procter & Gamble*, 766 F.3d 1296, 1308 (11th Cir. 2014). Absent a diagnosis, there is no causation. *See id.* at 1308–9. As discussed, Dr. Tyler's diagnosis of Roper is due to be excluded.

### A. Dr. Tyler failed to adequately justify his rejection of alternative causes.

At the "rule out" step, "the expert applies the facts of the patient's case to the list" of possible causes created in the "rule in" step, "to form an opinion about the actual cause of the patient's symptoms, i.e., to determine specific causation." *Hendrix*, 609 F.3d at 1197. The "expert must provide reasons for rejecting alternative hypotheses using scientific methods and procedures," not "subjective beliefs or unsupported speculation." *Id.*

Dr. Tyler did not "rule out" other potential causes of Roper's injuries, such as Roper's: other medical conditions; use of the CAEv2 without following instructions; use of other hearing protection; and noise exposures while wearing non-CAEv2 hearing protection or no hearing protection at all. Ex. 1, Tyler 7/1/22 Dep. 29:6–32:7, 54:5–56:18, 57:25–58:15, 64:1–67:6, 70:5–71:20, 77:5–80:25, 83:23–85:14, 113:18–115:14, 122:13–124:19; Ex. 3, Roper Dep. 62:6–63:19. Dr. Tyler does not know when Plaintiff used the CAEv2 as opposed to other devices. Without this, he cannot adequately conclude the CAEv2 caused Roper's injuries; he simply concludes the CAEv2 caused her injuries based on the blanket generalization that "if

4

she [wore] the 3M earplugs in general, that could be real trouble." Ex. 1, Tyler 7/1/22 Dep. at 64:11–66:21, 122:13–124:19. Dr. Tyler's "methodology" was to rely on general expert reports to conclude the CAEv2 caused Roper's alleged hyperacusis/tinnitus because "as far as I know the 3M earplugs in question were the only ones identified as being faulty and would come out over time." *Id*. at 56:16–58:15. This lack of analysis "renders [Dr. Tyler's] differential etiology unreliable and inadmissible." *See In re 3M*, 2021 WL 6327375, at *12.

### III. Dr. Tyler's opinions do not meet Rule 702's "helpfulness" requirement.

To be helpful (and admissible), an expert opinion must (1) "fit" the facts of the case, (2) concern matters beyond the understanding of the average lay person, and (3) be based upon sufficient facts or data. *Prosper v. Martin*, 989 F.3d 1242, 1249 (11th Cir. 2021); *In re 3M*, 2021 WL 765019, at *40.

#### A. Dr. Tyler's speculative opinions regarding future prognosis and treatment must be excluded.

Expert testimony regarding a claimant's future prognosis or treatment that is speculative, conclusory, or not derived from a reliable methodology is unhelpful, unreliable, and, therefore, inadmissible. *E.g.*, *Birren v. Royal Caribbean Cruises*, 2022 WL 446207, at *10 (S.D. Fla. Feb. 14, 2022) (excluding expert's conclusory opinion that the plaintiff would "need further care and treatment"). Moreover, an expert cannot opine that a plaintiff will suffer from future conditions she "more

5

likely than not . . . will *not* develop . . . if she continues her current treatment." *Ward v. Carnival Corp.*, 2018 WL 11383459, at *11 (S.D. Fla. 2018) (emphasis in original).

Dr. Tyler asserts that Roper's hearing loss will likely progress, require future treatment, and negatively affect aspects of her life, such as sleeping and completing tasks. Ex. 2, First Amend. Tyler Report p. 11. The evidence provides no basis for that opinion: Roper testified her alleged injuries do not prevent her from working or activities of daily life. Ex. 3, Roper 2/1/22 Dep. 16:6–10, 99:12–14, 100:3–19, 102:1–9, 107:4–6, 108:3–9, 113:4–12, 116:16–117:6, 117:11–15. Further, Dr. Tyler's opinion is devoid of analysis or details. *See* Ex. 2, First Amend. Tyler Report p. 11. His opinion is speculative and inadmissible. *Birren*, 2022 WL 446207 at *10 (excluding testimony that did not detail "precise treatment needed, dollar figure estimates of the future costs, or reasonableness of any medical bills").

## CONCLUSION

For these reasons, Defendants ask the Court to exclude the expert opinions of Dr. Richard Tyler.

Respectfully submitted,

*/s/ Tiffany deGruy*
Tiffany deGruy
*Admitted Pro Hac Vice*

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdeGruy@bradley.com

*Counsel for Defendants 3M Company; 3M Occupational Safety LLC; Aearo Technologies LLC; Aearo Holding, LLC; Aearo Intermediate, LLC; and Aearo, LLC*

**CERTIFICATE OF ATTORNEY CONFERENCE**

Pursuant to Local Rule 7.1(B), Defendants certify they have conferred with Plaintiff's counsel and Plaintiff opposes the relief requested.

>/s/ Tiffany deGruy
Tiffany deGruy
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdeGruy@bradley.com

*Counsel for Defendants 3M Company; 3M Occupational Safety LLC; Aearo Technologies LLC; Aearo Holding, LLC; Aearo Intermediate, LLC; and Aearo, LLC*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this response contains 1,259 words, excluding the case style, motion heading and introduction, signature block, andcertificates of compliance with the Local Rules.

/s/ *Tiffany deGruy*
Tiffany deGruy
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdeGruy@bradley.com

*Counsel for Defendants 3M Company; 3M Occupational Safety LLC; Aearo Technologies LLC; Aearo Holding, LLC; Aearo Intermediate, LLC; and Aearo, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of July, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida using the electronic case filing system of the Court, which will send electronic service to all registered counsel of record.

*/s/ Tiffany deGruy*
Tiffany deGruy
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdeGruy@bradley.com

*Counsel for Defendants 3M Company; 3M Occupational Safety LLC; Aearo Technologies LLC; Aearo Holding, LLC; Aearo Intermediate, LLC; and Aearo, LLC*