# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02885 |
| | Judge M. Casey Rodgers |
| | Magistrate Judge Gary R. Jones |
| This Document Relates to: *Shanika Roper* Civil Case No. 7:20-cv-02945-MCR-GRJ | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS[1]

The Court should deny Plaintiff Shanika Roper's motion to exclude certain opinions of Defendant's expert, Alan Pollak, M.D. (ECF No. 18 ("Motion")). Dr. Pollak is a well-qualified otolaryngologist, whose medical opinions will assist the jury. Fed. R. Evid. 702.

---

[1] On July 26, 2022, Defendants 3M Occupational Safety, LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo Technologies LLC filed voluntary petitions for relief under chapter 11, title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Aearo Technologies LLC, et al.*, Case No. 22-02890-JJG-11 (Bankr. S.D. Ind.) (Jointly Administered). Those debtors do not join in this Response due to their filing for bankruptcy and operation of the automatic stay, *see* 11 U.S.C. § 362. Defendant 3M reserves all rights with respect to the Motion, now pending in the U.S. Bankruptcy Court for the Southern District of Indiana, Case No. 22-02890, Adv. Proc. No. 22-50059, for Declaratory and Injunctive Relief (I) Declaring that the Automatic Stay Applies to Certain Actions Against a Non-Debtor or (II) Preliminarily Enjoining Certain Actions Against a Non-Debtor and (III) Granting a Temporary Restraining Order Pending an Order on the Preliminary Injunction.

## Argument

**1. Roper's argument to exclude opinions that the CAEv2 is not defective should be denied as moot.**

Roper moves to preclude Dr. Pollak from offering opinions that the Dual Ended Combat Arms Earplug ("the CAEv2") is not "defective." Motion 2–3. But Dr. Pollak did not offer any opinion that the CAEv2 is not "defective" in his report or during his deposition. *See* Ex. 1, Pollak Dep. 110:3–19; *see generally* Ex. 2, Pollak Report 15-19. Dr. Pollak will not be offering that opinion at trial. Roper's motion should be denied as moot.

Moreover, the fact that he will not opine on "defect" does not mean that Dr. Pollak cannot testify about the facts underlying his opinions. *See, e.g.*, *Morris v. Wal-Mart Stores E., LP*, No. 5:20-CV-32, 2021 WL 3088004, at *4 (S.D. Ga. July 22, 2021) ("expert may . . . testify about the facts forming the basis for that opinion"); Fed. R. Evid. 705 ("expert may state an opinion — and give the reasons for it"). In considering the CAEv2 as a potential cause of Roper's alleged injuries, Dr. Pollak necessarily had to consider the CAEv2's purpose and function; otherwise, it would be impossible to evaluate its potential role. The Court should not prevent Dr. Pollak from explaining his understanding of Roper's use of the CAEv2. That would be confusing for the jury and render his testimony incomplete.

**2.     Dr. Pollak's opinion that the CAEv2 did not contribute to Roper's alleged tinnitus is based on record evidence and is admissible.**

Roper's Motion seeks to prohibit Dr. Pollak from opining that the CAEv2 did not contribute to Roper's alleged tinnitus, on the basis that he did not review information about the CAEv2's design, testing, efficacy, marketing, or sale. Motion 4. Roper does not explain why Dr. Pollak would need to review that information to conclude that Roper's alleged tinnitus was not caused by use of the CAEv2. There is no reason Dr. Pollak would need to do so. *See, e.g.*, *In re 3M*, 3:19-md-2885, ECF No. 2845 at 21–22 ("Nonetheless, Dr. Crawford may explain why he concluded that a plaintiff's auditory injuries are not attributable to the CAEv2 based on record evidence regarding the plaintiff's noise exposures, other potential causes of auditory damage, and the timeline of any alleged injuries."); *In re 3M*, 3:19-md-2885, ECF No. 2218 at 43 (N.D. Fla. Oct. 18, 2021) ("The fact that Crawford did not examine the alleged defect of the CAEv2 to determine whether it contributed to Plaintiffs' injuries goes to the weight of his opinion but not admissibility.").

Dr. Pollak's opinion that the CAEv2 did not contribute to Roper's alleged tinnitus is based on his experience and his review of record evidence such as Roper's testimony, medical history, and other information concerning potential causes for her tinnitus. Ex. 1, Pollak Dep. 109:1–11; Ex. 2, Pollak Report 3–19 & Appendix A. Those opinions are reliable, relevant, and admissible under *Daubert* and Fed. R. Evid. 702.

**3.      Dr. Pollak does not opine that Roper's tinnitus is non-existent.**

Roper asks the Court to prohibit Dr. Pollak from "giving any opinion as to [Roper]'s tinnitus being non-existent due to a lack of noise induced hearing loss." Motion 4. Dr. Pollak has not given such an opinion. He does opine, based on Roper's audiometric exams, that she does not suffer from any permanent hearing loss. As to her claims of tinnitus, he opines that:

> (1) Some symptoms Roper associates with tinnitus (an "itch and ache" she describes in her inner ear) are known to be associated with TMJ, a condition that she has, and can be described as "somatic tinnitus"; and

> (2) Other symptoms Roper describes that "*do* fit within the category of tinnitus – the ringing in her ear occurring twice per month" fall "within the norm of clinically insignificant tinnitus in the general population."

Ex. 2, Pollak Report 16. These are not opinions that Roper does not have tinnitus. They are reliable and admissible. Roper's motion on this point should be denied as moot.

**4.      Dr. Pollak's opinions on NSAIDs are admissible.**

Roper argues that the Court should exclude Dr. Pollak's opinions about "a variety of allegedly ototoxic substances and medications" as causes for or

contributing factors to Roper's alleged "hearing loss and/or tinnitus,"[2] to the extent that those opinions do not conform to the Court's prior rulings. Motion 5 (citing MDL ECF No. 1330). To be clear, Dr. Pollak did not give an opinion on "a variety" of other substances, only on NSAIDs, including aspirin (Excedrin).[3] Nor did he opine that these substances caused or contributed to her symptoms—only that they could not be excluded. Ex. 2, Pollak Rep. 18; Ex. 1, Pollak Dep. 99:19–24 (noting medical records showing Roper took "frequent Excedrin for her migraine headaches"), 98:7–18 (discussing cumulative effect of aspirin dosage and connection to tinnitus), 100:9–102:3 (discussing literature and experience connecting NSAIDs and tinnitus, and acknowledging that without information about dosage, he cannot conclude that these substances were the "sole cause" or a contributor to Roper's tinnitus, but stating that he does not agree with Roper's expert's "completely, without question," excluding these substances).

This Court has held that an expert can give opinions on ototoxic medications where there has been a finding that such medications are "arguably relevant" to the

---

[2] Later on the same page, the Motion acknowledges that Roper's "only claim in this lawsuit is for tinnitus." Motion 5. Roper alleges her tinnitus began in 2018. Ex. 3, Pl's. Resps. to Deft. 3M's Am. First Set of Interrogs. to Pltf., Resp. to Interrog. No. 2, at pp. 5-6.

[3] *See* https://www.excedrin.com/dosage-ingredients-chart/ (last accessed August 6, 2022) (noting that Excedrin contains acetaminophen and aspirin, a non-steroidal anti-inflammatory drug).

plaintiff's alleged hearing loss and/or tinnitus. *See* MDL ECF 2845 at 29–30 (citing MDL ECF 1330). Roper has had a history of taking NSAIDs, including ibuprofen and Excedrin, both before and since her alleged tinnitus began. *E.g.*, Composite Ex. 4 (3M_ROPER_S004915 (prescribed 800-mg dosage of ibuprofen in 2016), 3M_ROPER_S004920 (200-mg dosage, 2018), 3M_ROPER_S004924 (800-mg dosage 2015 and 2012); Ex. 1, Pollak Dep. 99:19–100:8 (Excedrin).

Dr. Pollak's opinion that Roper's case-specific expert did not reliably rule these medications out is based on Dr. Pollak's review of Roper's medical records and his clinical experience, as well as information known to the medical community. Ex. 1, Pollak Dep. 96:20–102:4.[4] These opinions satisfy both Rule 702 and *Daubert*.

## CONCLUSION

Defendant respectfully requests that the Court deny Roper's Motion.

---

[4] *See also* MDL ECF 1330 at 5, 9–10, 12; MDL ECF 2845 at 29–30; ECF 18 at 8 (citing Jay M. Bhatt, M.D., et al., Otolaryngology Head and Neck Surgery, JAMA, 2016 Oct 1, 142 (10)); *see also* American Tinnitus Association – Causes, https://www.ata.org/understanding-facts/causes ("However, there are some ototoxic drugs known to cause more permanent tinnitus symptoms. These include: Non-Steroidal Anti-Inflammatory Drugs (NSAIDs).").

Respectfully submitted,

*/s/ Tiffany deGruy*
Tiffany deGruy
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Federal Place |1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdeGruy@bradley.com

*Counsel for Defendant 3M Company*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), counsel for Defendants certify that this response contains 1,348 words, excluding the case style, signature block, and certificates of compliance with the Local Rules.

*/s/ Tiffany deGruy*
Tiffany deGruy
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
tdeGruy@bradley.com

*Counsel for Defendant 3M Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of August, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida using the electronic case filing system of the Court, which will send electronic service to all registered counsel of record.

                                        */s/ Tiffany deGruy*
                                        Tiffany deGruy
                                        *Admitted Pro Hac Vice*
                                        Bradley Arant Boult Cummings LLP
                                        One Federal Place, Suite 1000
                                        1819 Fifth Avenue North
                                        Birmingham, AL 35203-2119
                                        Telephone: (205) 521-8000
                                        Facsimile: (205) 521-8800
                                        tdeGruy@bradley.com

                                        *Counsel for Defendant 3M Company*